Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT

for the

Western District of Washington

Seattle Division

|  |  |
|---|---|
| Cody Hunter Funderburk | Case No. 2:25-cv-01495-JNW |
| *Plaintiff(s)* | *(to be filled in by the Clerk's Office)* |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | Jury Trial: *(check one)* ☒ Yes ☐ No |
| -v- | |
| Virginia Mason Medical Center d/b/a Bailey-Boushay House | ___ FILED   ___ ENTERED<br>___ LODGED   ___ RECEIVED |
| *Defendant(s)* | AUG 0 8 2025   MH |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | AT SEATTLE<br>CLERK U.S. DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>BY_____ DEPUTY |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I.     The Parties to This Complaint

#### A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Cody Hunter Funderburk |
| Street Address | 702 Spring St APT W1326 |
| City and County | Seattle, King County |
| State and Zip Code | WA 98104 |
| Telephone Number | 704-685-0125 |
| E-mail Address | codyfunderburk1@gmail.com |

#### B.     The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant No. 1

| | |
|---|---|
| Name | Virginia Mason Medical Center d/b/a Bailey-Boushay House |
| Job or Title *(if known)* | |
| Street Address | 2720 E Madison St |
| City and County | Seattle, King County |
| State and Zip Code | WA 98112 |
| Telephone Number | 206-322-5300 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

### C.     Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Bailey-Boushay House |
| Street Address | 2720 E Madison St |
| City and County | Seattle, King County |
| State and Zip Code | WA 98112 |
| Telephone Number | 206-322-5300 |

### II.     Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☒     Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note:  In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐     Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note:  In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☒     Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note:  In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒     Other federal law *(specify the federal law)*:
29 U.S.C. § 2601 et seq.

☒     Relevant state law *(specify, if known)*:
RCW 49.60 et seq., RCW 49.17

☒     Relevant city or county law *(specify, if known)*:
SMC 14.04, 14.10, 14.16, and 14.20

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## III.    Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.      The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐    Failure to hire me.

☒    Termination of my employment.

☐    Failure to promote me.

☒    Failure to accommodate my disability.

☐    Unequal terms and conditions of my employment.

☒    Retaliation.

☐    Other acts *(specify)*: _____

*(Note:  Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.      It is my best recollection that the alleged discriminatory acts occurred on date(s)

January 1, 2022 – Present (ongoing), including specific acts on or about January 24, 2025; February 3, 2025

C.      I believe that defendant(s) *(check one)*:

☒    is/are still committing these acts against me.

☐    is/are not still committing these acts against me.

D.      Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☐    race    _____

☐    color    _____

☒    gender/sex    sex (including gender identity; transgender female)

☐    religion    _____

☐    national origin    _____

☐    age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*

☒    disability or perceived disability *(specify disability)*

Anxiety

E.      The facts of my case are as follows.  Attach additional pages if needed.

1. Retaliation. Plaintiff experienced repeated incidents of sexual harassment and unsafe working conditions while employed at Bailey-Boushay House (see Exhibit A). After requesting a short-term medical leave under FMLA and submitting proposals to improve workplace safety, Plaintiff was removed from the work schedule, denied reinstatement, and placed on administrative leave without pay on February 3, 2025 (see Exhibit B). This adverse action occurred immediately after Plaintiff engaged in protected activity, including reporting safety concerns and filing a formal complaint with the Washington State Department of Labor & Industries on February 2, 2025 (see Exhibit C).

2. Hostile Work Environment and Failure to Address Harassment. From approximately January 2022 through October 2024, Plaintiff experienced ongoing verbal and physical harassment from clients, including sexist and transphobic slurs, sexual comments, and unwanted physical contact (See exhibit A). Despite repeated reports to management, the employer failed to take meaningful action. Plaintiff is aware of other staff members who were also subjected to sexual harassment or assault, suggesting the existence of a broader hostile work environment (See Exhibit D).

3. Sex Discrimination. Both Plaintiff and a female coworker reported sexual harassment by clients, yet neither received appropriate support, accommodations, or protection (see Exhibit D). Management failed to enforce workplace violence policies or uphold the zero-tolerance standard outlined in the Employer's Workplace Violence Prevention Plan (see Exhibit E). When Plaintiff requested reasonable safety measures, the employer dismissed the concerns and offered no comparable alternatives, treating complaints of sexual harassment from female staff with indifference (see Exhibit F). By contrast, when two male employees were assaulted on campus in February 2025, the Executive Director issued a campus-wide email describing the incidents, provided detailed safety updates, and stated he had personally followed up with both male employees to offer support (see Exhibit G). No such communication, safety measures, or personal follow-up occurred when Plaintiff or the female coworker reported sexual harassment or assault by clients. This disparate treatment demonstrates the employer's greater responsiveness to safety concerns when male employees are the victims.

4. Failure to Reinstate After FMLA Leave. Plaintiff returned to work from approved FMLA leave on January 25, 2025, prepared to resume work duties contingent upon the implementation of reasonable safety accomodations previously proposed to management. On February 3, 2025, Plaintiff was informed they were not on the schedule and discovered they had not been scheduled for any shifts since their return (see Exhibit H). On that same day, Plaintiff was removed from the workplace and placed on unpaid administrative leave (see Exhibit B). The events of February 3, 2025, including the circumstances of Plaintiff's removal, are documented in detail in a contemporaneous written account prepared that day (see Exhibit I). Despite being classified as an active employee, Plaintiff has not been paid since that time and was not reinstated to their prior role, and was not offered a comparable position. Plaintiff was referred to an internal position that would've addressed their personal safety concerns but was ultimately denied the opportunity without explanation (see Exhibit J).

5. Disparate Treatment and Improper Communication. The employer's handling of Plaintiff's reports and leave requests deviated from standard procedures. Plaintiff was referred to a disability accommodation process for a workplace safety issue, ignored in repeated attempts to obtain safety reports (see Exhibit K), and addressed in correspondence with the incorrect honorific, despite clear communication about gender identity (see Exhibit L).

6. On May 4, 2025 Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (see Exhibit M). On May 14, 2025, Plaintiff received a Notice of Right to Sue from the Equal Employment Opportunity Commission (see Exhibit N). Plaintiff attempted in good faith to resolve this matter through a pre-litigation settlement demand on June 30, 2025 (exhibit O). Defendant rejected the offer on July 18, 2025 (see Exhibit L).

> *(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.   Exhaustion of Federal Administrative Remedies

A.   It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

05/04/2025

B.   The Equal Employment Opportunity Commission *(check one)*:

☐   has not issued a Notice of Right to Sue letter.

☒   issued a Notice of Right to Sue letter, which I received on *(date)*   05/14/2025   .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.   Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐   60 days or more have elapsed.

☐   less than 60 days have elapsed.

## V.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

1. Back pay and lost benefits from the date of removal from the workplace (on or about February 3, 2025) through the present, including wages, healthcare, retirement contributions, and other employment benefits. Estimated damages are approximately $30,000 and continue to accrue due to Defendant's failure to reinstate Plaintiff after FMLA leave.

2. Compensatory damages of $100,000 for emotional distress, mental anguish, reputational harm, and loss of enjoyment of life resulting from repeated workplace sexual harassment, the employer's failure to act, and retaliation following Plaintiff's protected activity.

3. Punitive damages of $250,000 to reflect the employer's willful disregard for workplace safety, mishandling of sexual harassment complaints, and retaliatory conduct after Plaintiff filed internal and external complaints. This amount is intended to punish and deter similar conduct in the future.

4. Equitable relief as the Court deems just and proper, including but not limited to requiring Defendant to implement and enforce a zero-tolerance policy for client-perpetrated harassment or violence against staff.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:         8/8/2025

Signature of Plaintiff

Printed Name of Plaintiff    Cody Hunter Funderburk

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address