UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CODY HUNTER FUNDERBURK, | CASE NO. 2:25-cv-01495-JNW |
| Plaintiff, | ORDER |
| v. | |
| VIRGINIA MASON MEDICAL CENTER doing business as BAILEY-BOUSHAY HOUSE; COMMONSPIRIT HEALTH doing business as VIRGINA MASON FRANCISCAN HEALTH, | |
| Defendant. | |

  Defendant's motion to require Plaintiff's compliance with Rule 15 comes before the Court. Dkt. No. 21.

  After serving their Amended Complaint on September 18, 2025, Plaintiff filed eight additional exhibits (P through W) through separate "Notices of Filing Supplemental Evidence." Dkt. Nos. 13, 17, 19, 20, 23. Defendant contends that these filings are improper amendments to Plaintiff's complaint, but Plaintiff argues they are not amendments but merely evidence supporting claims already in the Amended Complaint. Dkt. 22 at 2. They state: "Each of Plaintiff's filings was styled

ORDER - 1

and docketed as a Notice of Filing Supplemental Evidence. None purport to amend the operative Complaint. None add new causes of action or alter the pleadings in any way." Dkt. No. 22 at 2.

Plaintiff is incorrect. The Federal Rules do not authorize filing stand-alone "notices of evidence" at the pleading stage. Rule 7(a) defines what constitutes a "pleading"—complaints, answers, replies to counterclaims, and similar documents. Rule 7(b) addresses "motions and other papers," seeking a court order.

When Plaintiff files exhibits labeled P through W in sequential order of Exhibits A through O attached to their First Amended Complaint, and describes them as "supplemental evidence" in support of that complaint, Plaintiff is functionally attempting to expand the record supporting or defining the scope of their pleadings. Calling this a "notice of evidence" rather than an "amendment" does not change its effect in adding material to the complaint after service.

This practice violates Local Civil Rule 15, which provides that any amended pleading "must not incorporate by reference any part of the preceding pleading, including exhibits." LCR 15(a). Plaintiff's approach causes confusion and clutters the docket. If Plaintiff wishes to add exhibits to their complaint, they must follow Rule 15. They cannot circumvent the amendment process by labeling their filings as something other than what they are. And unless otherwise permitted by the Court or the Civil Rules, litigants should only file evidentiary exhibits when citing to them in a motion or some other filing permitted under the Federal Rules of Civil Procedure or the Local Civil Rules.

Accordingly, Defendant's motion is GRANTED. Dkt. No. 21. Exhibits P through W (Dkt. Nos. 13-1, 13-2, 17-1, 19-1, 19-2, 19-3, 20-1, 23-1) are not part of the operative Amended Complaint and the Court will not consider them in evaluating the pending motion to dismiss or in determining the scope of Plaintiff's claims. The Court declines to strike these exhibits from the docket, but they have no current procedural effect.

Because Plaintiff's opposition to Defendant's motion to dismiss references these documents, the Court will allow Plaintiff to amend their opposition to comport with this ruling. Any amended opposition must be filed by October 27, 2025, and will serve as a complete substitute for the opposition at Dkt. No. 32. Defendant's reply remains due on November 6, 2025.

Dated this 22nd day of October, 2025.

Jamal N. Whitehead
United States District Judge